Electronically Filed
Intermediate Court of Appeals
CAAP-18-0000309
26-MAY-2020
09:21 AM

NO. CAAP-18-0000309


IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAIʻI


WILLIAM A. CORNELIO, III, Petitioner-Appellant,
v.
STATE OF HAWAIʻI, Respondent-Appellee

APPEAL FROM THE CIRCUIT COURT OF THE SECOND CIRCUIT
(S.P.P. NO. 18-1-0001)


SUMMARY DISPOSITION ORDER
(By:  Chan, Presiding Judge, Hiraoka and Wadsworth, JJ.)

Self-represented Petitioner-Appellant William A.
Cornelio, III (**Cornelio**) appeals from the "Findings of Fact,
Conclusions of Law, and Judgment Denying Rule 40 Petition for
Post-Conviction Relief" (**Judgment**) entered by the Circuit Court
of the Second Circuit[1] on March 20, 2018.   For the reasons
explained below, we affirm the Judgment.


**BACKGROUND**

> [On] November 19, 1994, Cornelio participated in a
> brawl near the entrance of Kahekili Beach Park on the island
> of Maui.  At some point . . . Cornelio removed a sawed-off
> shotgun from the trunk of his car, loaded the weapon, and
> pointed it at the head of Vahafolau Faleta[.] . . . In
> response . . . Faleta (who was evidently a much larger man)
> disarmed, beat, and pursued Cornelio down the beach[.] . . .
> Faleta pummeled [Cornelio] with his fists and [with]
> Cornelio's shotgun until a bystander intervened and broke up
> the fight. . . . After arriving at the scene, the police
> confiscated the shotgun and determined that its barrel was
> seventeen and three-quarters inches in length.

---

[1]     The Honorable Peter T. Cahill presided.

State v. Cornelio, 84 Hawai'i 476, 480, 935 P.2d 1021, 1025 (1997). Cornelio was indicted on five counts: **(1)** terroristic threatening in the first degree; **(2)** place to keep firearm; **(3)** prohibited possession of a firearm; **(4)** prohibited possession of firearm ammunition; and **(5)** possession of a prohibited firearm or device. On April 11, 1995, a jury found him guilty as charged on all counts. It was Cornelio's third felony conviction.

During sentencing the State established Cornelio's previous felony convictions. In 1987, when Cornelio was 17-1/2 years old, he was discovered having sexual intercourse with a 13-year-old girl while both were patients at the Hawai'i State Hospital. The girl stated that Cornelio had removed her clothes and forced her to have sex with him. The family court waived jurisdiction; Cornelio was tried as an adult and was convicted of rape in the second degree. Cornelio, 84 Hawai'i at 481 n.13, 935 P.2d at 1026 n.13. In 1989, while awaiting trial on the rape charge, Cornelio was discovered shooting cattle with a rifle (he wounded a bull and killed a calf), and was subsequently convicted of place to keep firearm, prohibited possession of firearm, and criminal property damage in the second degree. Id. at 481 n.14, 935 P.2d at 1026 n.14. Cornelio had been paroled from prison on October 12, 1994 — one month before the brawl that resulted in his third felony conviction. Id. at 481, 935 P.2d at 1026.

At the conclusion of the sentencing hearing, the circuit court[2] addressed Cornelio:

> . . . I have to look at what you've done in the past in order to determine what's appropriate at the present time as well as what's appropriate punishment for the conduct you engaged in.
>
> And when the court looks at your record, it's apparent you're not able to control your behavior. And you knew you shouldn't have had a gun, and . . . somehow you got a sawed-off shotgun driving around . . . in your car.
>
> And I know nobody got killed, but I'm amazed that somebody didn't get killed. What I have to conclude from your behavior is that you are a danger to the community. You go around shooting other people's cows. You've got a sawed-off shotgun as soon as you get out of prison.

---

[2] The Honorable Shackley F. Raffetto presided.

I'm s[u]re you knew what you were doing was wrong, but you still weren't able to control your behavior, that's the point, and when you can't, you're a danger to the community.

So I have to take you off the streets. Because other people have a right to be safe from that sort of conduct. You know people who send their children to school every day and other people who drive along the highway out in Kaupak[u]lua where you were shooting the animals. They have a right to be away from all that.

You have no right to conduct yourself in that manner, but I want you to understand where we're coming from here —

. . . .

. . . . I hope some day you may be able to reflect upon why things are happening to you and reflect that it's your behavior that caused you to be here today. It's not somebody's else [sic].

You're here because you failed to be able to control yourself, and now the court's forced to take you out of circulation so you can't be out there creating dangerous circumstances for other citizens.

Cornelio, 84 Hawai'i at 481-82, 935 P.2d at 1026-27 (alterations in original). Cornelio was sentenced to indeterminate 10-year prison terms on counts 2, 3, and 4, and to indeterminate 5-year prison terms on counts 1 and 5, with mandatory minimum terms of 3 years and 4 months on counts 1-4 and 1 year and 8 months on count 5, all terms to run consecutively. Id. at 482, 935 P.2d at 1027. Accordingly, the cumulative sentence was for an indeterminate maximum prison term of 40 years, with a mandatory minimum term of 15 years before being eligible for parole. Id. at 480, 935 P.2d at 1025. That sentence was to run consecutive to the sentence on Cornelio's rape conviction. Id. at 482, 935 P.2d at 1027. A "Judgment Guilty Conviction and Sentence" was entered on October 13, 1995. An **"Amended Judgment** Guilty Conviction and Sentence" was entered on December 20, 1995.

### Direct Appeal

Cornelio appealed his sentence. He did not challenge the imposition of consecutive indeterminate maximum terms of imprisonment on counts 1-5; he challenged only the circuit court's decision to run his mandatory minimum terms of imprisonment consecutively. The Hawai'i Supreme Court held that

(1) adjudications of guilt on multiple counts charged in the same indictment must be treated as a single conviction for purposes of sentencing under Hawaii Revised Statutes (**HRS**) § 706-606.5,[3] (2) any mandatory minimum terms of imprisonment imposed on a

---

[3]     HRS § 706-606.5 (1993 & Supp. 1996) provided, in relevant part:

**Sentencing of repeat offenders.**  (1) Notwithstanding section 706-669 and any other law to the contrary, any person convicted of murder in the second degree, any class A felony, any class B felony, or any of the following class C felonies: . . . 707-716 relating to terroristic threatening in the first degree; . . . 134-8 relating to ownership, etc., of prohibited weapons[ ] . . . shall be sentenced to a mandatory minimum period of imprisonment without possibility of parole during such period as follows:

(a)    One prior felony conviction:

. . . .

(iii)  Where the instant conviction is for a class B felony – three years, four months;

(iv)   Where the instant conviction is for a class C felony offense enumerated above – one year, eight months[.]

. . . .

(2)    Except as in subsection (3), a person shall not be sentenced to a mandatory minimum period of imprisonment under this section unless the instant felony offense was committed during such period as follows:

. . . .

(d)    Within ten years after a prior felony conviction where the prior felony conviction was for a class B felony;

(e)    Within five years after a prior felony conviction where the prior felony conviction was for a class C felony offense enumerated above[.]

. . . .

(4)    The sentencing court may impose the above sentences consecutive to any sentence imposed on the defendant for a prior conviction, but such sentence shall be imposed concurrent to the sentence imposed for the instant conviction. . . .

. . . .

(6)    For purposes of this section:

(a)    Convictions under two or more counts of an indictment or complaint shall be considered a single conviction without regard to when the convictions occur[.]

multicount indictment must be served concurrently with one another, but (3) a defendant subjected to mandatory minimum terms of imprisonment pursuant to HRS § 706-660.1[4] may be sentenced to serve them consecutively to any mandatory minimum terms imposed pursuant to HRS § 706-606.5. Cornelio, 84 Hawai'i at 480, 935 P.2d at 1025. The supreme court affirmed Cornelio's sentence as to count (1) but vacated the remainder and remanded to the circuit court for resentencing. Id.

---

[4]    HRS § 706-660.1 (1993) provided, in relevant part:

**Sentence of imprisonment for use of a firearm, semiautomatic firearm, or automatic firearm in a felony.** (1) A person convicted of a felony, where the person had a firearm in the person's possession or threatened its use or used the firearm while engaged in the commission of the felony, whether the firearm was loaded or not, and whether operable or not, may in addition to the indeterminate term of imprisonment provided for the grade of offense be sentenced to a mandatory minimum term of imprisonment without possibility of parole or probation. . . .

.   .   .   .

(2)    A person convicted of a second firearm felony offense as provided in subsection (1) where the person had a firearm in the person's possession or threatened its use or used the firearm while engaged in the commission of the felony, whether the firearm was loaded or not, and whether operable or not, shall in addition to the indeterminate term of imprisonment provided for the grade of offense be sentenced to a mandatory minimum term of imprisonment without possibility of parole or probation the length of which shall be as follows:

(a)    For murder in the second degree and attempted murder in the second degree — twenty years;

(b)    For a class A felony — thirteen years, four months;

(c)    For a class B felony — six years, eight months; and

(d)    For a class C felony — three years, four months.

The sentence of imprisonment for a second felony offense involving the use of a firearm as provided in this subsection shall not be subject to the procedure for determining a minimum term of imprisonment prescribed under section 706-669; provided further that a person who is imprisoned in a correctional institution as provided in this subsection shall become subject to the parole procedure as prescribed in section 706-670 only upon expiration of the term of mandatory imprisonment fixed under paragraph (a), (b), (c), or (d).

### First Rule 40 Petition

On May 5, 1997 (before he was resentenced), Cornelio filed a petition under Hawai'i Rules of Penal Procedure (**HRPP**) Rule 40 (**First Rule 40 Petition**). See Cornelio v. State, No. 28684, 2008 WL 5064906, at *2 (Haw. App. Nov. 25, 2008) (mem.). He argued that he was wrongfully convicted based on: evidence acquired through unconstitutional search and seizure; prosecutorial misconduct because the State failed to call Sione Pese, who had exculpatory evidence, as a witness; ineffective assistance of counsel; and newly discovered evidence that the picture of the shotgun introduced into evidence was not the same gun that he allegedly possessed. Id. The circuit court denied the First Rule 40 Petition without a hearing. Id. Cornelio appealed, arguing only that his trial counsel was ineffective for failing to call Pese as a witness. Id. The Hawai'i Supreme Court summarily affirmed the circuit court's order. See Cornelio v. State, No. 20819 (Haw. June 4, 1998) (SDO) (Westlaw).

Meanwhile, Cornelio was resentenced on May 13, 1997. A **"Second Amended Judgment** Guilty Conviction and Sentence" was entered on February 3, 2000. The State filed a motion to correct inaccuracies in the circuit court's minutes and in the Second Amended Judgment; Cornelio's then-counsel agreed that the minutes and amended judgment were inaccurate and needed to be corrected. Cornelio v. State, No. CAAP-13-0005273, 2014 WL 4284133, at *2-3 (Haw. App. Aug. 29, 2014) (mem.). As a result, the **"Third Amended Judgment** Guilty Conviction and Sentence" was entered on June 7, 2000. Cornelio was again sentenced to 5 years on counts 1 and 5, and to 10 years on counts 2, 3, and 4, with:

> All indeterminate terms to run consecutive to each other for a total of forty years. Defendant to serve a mandatory minimum term of 3 years, 4 months in count 1; 3 years, 4 months in counts 2, 3, 4 and 1 year, 8 months in count 5. Mandatory minium [sic] terms in counts 2, 3, 4, 5 to run concurrent to each other, however consecutive to count 1 for a total of 6 years, 8 months. Terms to run consecutive to [the term for the rape conviction]. Credit for time served.

(Reformatted.)

6

### Second Rule 40 Petition

On May 17, 2005, Cornelio filed another HRPP Rule 40 petition (**Second Rule 40 Petition**). He argued that the circuit court erred by failing to instruct the jury that in order to convict Cornelio of the multiple offenses with which he was charged, it was required to find that Cornelio acted with "separate and distinct intents" for each of the charged offenses. See Cornelio, 2008 WL 5064906, at *2. The circuit court denied the petition without a hearing. Cornelio appealed, arguing that the circuit court failed to give a "separate and distinct intents" instruction to the jury and that he was denied effective assistance of trial and appellate counsel because (a) trial counsel failed to request the jury instruction and (b) appellate counsel failed to challenge the trial court's failure to instruct the jury on direct appeal. Id. The supreme court affirmed, holding that Cornelio had waived all issues presented in the appeal. Cornelio v. State, No. 27395, 2006 WL 3190339, at *3 (Haw. Nov. 6, 2006) (SDO).

### Post-Judgment Motions

On February 9, 2007, Cornelio filed a "Motion for the Clarification of the Judgement [sic] and Sentence[.]" The circuit court denied the motion on March 14, 2007. On March 7, 2007, Cornelio filed a "Motion for the Correction of Illegal Conviction and Sentence." The circuit court denied the motion on March 7, 2007. Cornelio filed notices of appeal on March 21, 2007. We dismissed Cornelio's appeals because he did not pay the appellate filing fee or submit a motion to proceed in forma pauperis. State v. Cornelio, No. 28497, 2007 WL 2358671, at *1 (Haw. App. Aug. 15, 2007) (order dismissing appeal); see Cornelio, 2008 WL 5064906, at *3; Cornelio, 2014 WL 4284133, at *3.

7

### Third Rule 40 Petition

On March 22, 2007, Cornelio filed his **Third Rule 40 Petition**. He argued that a challenge to an illegal sentence may be brought at any time under HRPP Rule 40(a)(1)(iii), and that the convictions and sentences imposed for counts 2, 3, 4, and 5 violated the double-jeopardy and cruel-and-unusual-punishment clauses of the United States and Hawaiʻi constitutions. Cornelio, 2008 WL 5064906, at *3. The circuit court denied the petition without a hearing. Id. Cornelio appealed. We held that offenses charged in counts 2, 3, and 5 were separate offenses for multiple-punishment purposes, and did not raise a colorable claim that his sentences for those counts violated the prohibition against double jeopardy. Id. at *5-6. However, we held that Cornelio raised a colorable claim that he was improperly punished for both count 3 (the prohibited-possession-of-firearm charge) and count 4 (the prohibited-possession-of-ammunition charge), and remanded the case to the circuit court for a hearing on that claim. Id. at *5.

On remand, the circuit court granted the State's motion to dismiss count 4. The **"Fourth Amended Judgment** Guilty Conviction and Sentence" was entered on September 13, 2011. Cornelio was sentenced to 5 years on counts 1 and 5, and 10 years on counts 2 and 3, to run consecutive to each other for a total of 30 years, with:

> Defendant to serve a mandatory minimum term of 3 years, 4 months, each in counts 1, 2 & 3; and 1 year, 8 months in count 5. Mandatory minimum terms in counts 1, 2, 3, & 5 to run concurrent to each other. This sentence to run consecutive with the sentence imposed in [the rape conviction]. Defendant shall be given credit for time served.

(Reformatted.)

### Fourth Rule 40 Petition

On July 25, 2013, Cornelio filed his **Fourth Rule 40 Petition**. He claimed that the Third Amended Judgment and Fourth Amended Judgment were illegal because they were more severe than

8

the Second Amended Judgment, in violation of HRS § 706-609. Cornelio, 2014 WL 4284133, at *4. The circuit court denied the petition without a hearing. Id. We affirmed, holding that the Third Amended Judgment and Fourth Amended Judgment did not impose a new sentence for the same offense which was more severe than the Amended Judgment, and that the circuit court did not violate HRS § 706-609. Id. at *5. The Hawaiʻi Supreme Court rejected Cornelio's application for writ of certiorari. Cornelio v. State, No. SCWC-13-0005273, 2015 WL 340838 (Haw. Jan. 26, 2015).

### Fifth Rule 40 Petition

On June 8, 2015, Cornelio filed his **Fifth Rule 40 Petition**. He claimed that the circuit court erred:

A.     when it failed to instruct the jury regarding merger;

B.     by imposing an illegal sentence in violation of HRS § 701-109(1)(e);

C.     by denying him the right to trial by jury because he was sentenced based upon "judge found facts";

D.     by denying him equal protection under the law;

E.     by imposing separate sentences for each conviction "without the authorization of the Jury";

F.     by violating double jeopardy for convicting him of five firearm offenses when there was only one firearm incident;

G.     by imposing cruel and unusual punishment; and

H.     by imposing a disparate sentence in violation of HRS § 706-606(4).

See Cornelio v. State, No. CAAP-15-0000743, 2016 WL 4764952, at *1 (Haw. App. Sept. 13, 2016) (SDO). The circuit court denied the petition without a hearing. Id. We affirmed, holding that the issues raised by Cornelio were previously ruled upon, waived, or patently frivolous and without a trace of support in the record or other evidence submitted by Cornelio. Id. The Hawaiʻi Supreme Court rejected Cornelio's application for writ of certiorari. Cornelio v. State, No. SCWC-15-0000743, 2016 WL 7373911 (Haw. Dec. 20, 2016).

### Sixth Rule 40 Petition

On April 25, 2016, Cornelio filed his **Sixth Rule 40 Petition,** challenging the revocation of his parole. The circuit court denied the petition without a hearing on July 19, 2016. Cornelio did not appeal.

### Seventh Rule 40 Petition

On June 20, 2017, Cornelio filed his **Seventh Rule 40 Petition.** He argued:

A.    illegal sentence under HRS § 706-668.5;

B.    overdetention;

C.    double jeopardy violation; and

D.    cruel and unusual punishment.

The circuit court denied the petition without a hearing on July 31, 2017. Cornelio did not appeal.

### Current Rule 40 Petition

On January 3, 2018, Cornelio filed his eighth Rule 40 petition. He again argued that his multiple sentences were illegal. On February 13, 2018, Cornelio filed a motion to amend his petition to add a claim for relief based on being deprived of effective assistance of trial counsel. The circuit court entered the Judgment on March 20, 2018. This appeal followed.

### DISCUSSION

HRPP Rule 40(a)(3) provides, in relevant part:

> Rule 40 proceedings shall not be available and relief
> thereunder shall not be granted where the issues sought to be
> raised have been previously ruled upon or were waived.
> Except for a claim of illegal sentence, an issue is waived if
> the petitioner knowingly and understandingly failed to raise
> it and it could have been raised before the trial, at the
> trial, on appeal, in a habeas corpus proceeding or any other
> proceeding actually conducted, or in a prior proceeding
> actually initiated under this rule, and the petitioner is
> unable to prove the existence of extraordinary circumstances

to justify the petitioner's failure to raise the issue.
There is a rebuttable presumption that a failure to appeal a
ruling or to raise an issue is a knowing and understanding
failure.

HRPP Rule 40(f) provides, in relevant part:

> [T]he court may deny a hearing if the petitioner's claim is
> patently frivolous and is without trace of support either in
> the record or from other evidence submitted by the
> petitioner. . . .
>
> . . . .
>
> Where the petition alleges the ineffective assistance
> of counsel as a ground upon which the requested relief should
> be granted, the petitioner shall serve written notice of the
> hearing upon the counsel whose assistance is alleged to have
> been ineffective and said counsel shall have an opportunity
> to be heard.

A trial court's denial of an HRPP Rule 40 petition is reviewed de
novo. Dan v. State, 76 Hawai'i 423, 427, 879 P.2d 528, 532
(1994).

### Illegal Sentence

Cornelio first argues that "the illegal sentences
violates [sic] the Constitution in two ways: First, it violated
Double Jeopardy through HRS 701-109(e) by dividing the single
firearm offense into several statutory offenses and sentences
and; Secondly, it violated the Equal Protection Clause of the
Fourteenth Amendment[.]"

Cornelio's double jeopardy argument was raised in his
Second Rule 40 Petition and rejected by the supreme court in
Cornelio, 2006 WL 3190339, at *2-3.  It was raised again in the
Third Rule 40 Petition and rejected in Cornelio, 2008 WL 5064906,
at *5-6.  It was raised for the third time in the Fifth Rule 40
Petition and we rejected it in Cornelio, 2016 WL 4764952, at *1.
The Hawai'i Supreme Court rejected Cornelio's application for
writ of certiorari.  Cornelio, 2016 WL 7373911, at *1.  It was
raised for the fourth time in the Seventh Rule 40 Petition,

rejected by the circuit court, and not appealed. Cornelio's double jeopardy argument was previously ruled upon, is patently frivolous and is without trace of support either in the record or from other evidence submitted by the petitioner.

Cornelio's equal protection argument was raised in his Fifth Rule 40 Petition. We rejected it in Cornelio, 2016 WL 4764952, at *1. The Hawai'i Supreme Court rejected Cornelio's application for writ of certiorari. Cornelio, 2016 WL 7373911, at *1. Cornelio's equal protection argument was previously ruled upon, is patently frivolous and is without trace of support either in the record or from other evidence submitted by the petitioner.

### Ineffective Assistance of Counsel

Cornelio's opening brief presents no argument on his claim that he received ineffective assistance of counsel. This point is deemed waived. Hawai'i Rules of Appellate Procedure Rule 28(b)(7) (requiring appellant's opening brief to include "[t]he argument, containing the contentions of the appellant on the points presented and the reasons therefor, with citations to the authorities, statutes and parts of the record relied on[,]" and stating, "Points not argued may be deemed waived."); see Nelson v. Hawaiian Homes Comm'n, 141 Hawai'i 411, 419 n.7, 412 P.3d 917, 925 n.7 (2018). In addition, it was raised in the First Rule 40 Petition and ultimately rejected by the supreme court in Cornelio, No. 20819. Finally, the record contains no indication that Cornelio served his claim for ineffective assistance of counsel upon counsel whom he claims was ineffective, as required by HRPP Rule 40(f). His claim was previously ruled upon, is patently frivolous and is without trace of support either in the record or from other evidence submitted by the petitioner.

## CONCLUSION

For the foregoing reasons, the "Findings of Fact, Conclusions of Law, and Judgment Denying Rule 40 Petition for Post-Conviction Relief" entered by the Circuit Court of the Second Circuit on March 20, 2018, is affirmed.

DATED: Honolulu, Hawaiʻi, May 26, 2020.

On the briefs:

William A. Cornelio, III,
Self-represented Petitioner-
Appellant.

Peter A. Hanano,
for Respondent-Appellee.

/s/ Derrick H.M. Chan
Presiding Judge

/s/ Keith K. Hiraoka
Associate Judge

/s/ Clyde J. Wadsworth
Associate Judge